# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALLEN FAMILY FOODS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-11764 (KJC)<br><br>Jointly Administered<br><br>**Ref. Docket No. 11** |

## ORDER AUTHORIZING (A) THE CONTINUATION OF THE DEBTORS' WORKERS' COMPENSATION INSURANCE AND OTHER INSURANCE POLICIES; AND (B) THE PAYMENT OF CERTAIN OBLIGATIONS RELATED THERETO

Upon consideration of the Motion[2] of Allen Family Foods, Inc. and its affiliated debtors-in-possession in the above-captioned cases (each a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>"), requesting entry of an order pursuant to sections 105(a), 363(b) and 503(b) of the Bankruptcy Code authorizing (A) the maintenance and continuation of the Debtors' worker compensation insurance and other insurance policies (including the renewal of those policies and agreements due to expire during these cases) and (B) the payment of certain obligations related thereto; and upon consideration of the *Declaration of Brian Hildreth in Support of Chapter 11 Petitions and First Day Motions*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are: Allen Family Foods, Inc. (7949), Allen's Hatchery, Inc. (8943), and JCR Enterprises, Inc. (8322). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 126 N. Shipley Street, Seaford, DE 19973.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Debtors are authorized, in their discretion, to honor the terms of their Insurance Programs, including the Workers' Compensation Insurance and other Insurance Policies.

3. The Debtors are authorized, in their discretion, to make any prepetition Workers' Compensation Premium and Insurance Premium payments, as necessary, and to perform any other prepetition obligations that may be necessary to maintain the Insurance Programs in effect, including the payment of any Insurance Obligation.

4. Nothing in the Motion or this Order, or the Debtors' payment of any Insurance Obligations, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code. Nothing in this Order or the Motion shall be construed as prejudicing the rights of any of the Debtors to dispute or contest the amount of, or basis for, any claims against the Debtors in connection with or relating to the Insurance Programs or any Insurance Obligation.

5. The Debtors' financial institutions (the "Banks") are authorized and directed to process and honor all checks and transfers issued for payments approved by this

Order and/or to reissue checks for any payments approved by this Order where checks may be dishonored postpetition, without any duty of further inquiry and without liability.

6. Rule 6003(b) of the Bankruptcy Rules has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors. The requirements of Rule 6004(a) of the Bankruptcy Rules are waived.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: Wilmington, Delaware
       June 10, 2011

_____
Brendan L. Shannon
United States Bankruptcy Judge