IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALLEN FAMILY FOODS, INC., *et al.*,[1] | Case No. 11-11764 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 36 |

## ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING HEARING TO CONSIDER SALE OF ASSETS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; (IV) APPROVING BREAK-UP FEE AND EXPENSE REIMBURSEMENT PROVISIONS; AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving bidding procedures and the sale of the Purchased Assets; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are: Allen Family Foods, Inc. (7949), Allen's Hatchery, Inc. (8943), and JCR Enterprises, Inc. (8322). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 126 N. Shipley Street, Seaford, DE 19973.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

A. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. See Bankruptcy Rule 7052.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the APA pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D. The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction (as defined in the Bidding Procedures), the sale of the Available Assets, and the Bidding Procedures to be employed in connection therewith.

E. The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (i) the payment of the Break-Up Fee and Expense Reimbursement, if necessary, to Seaford Milling Company ("Seaford") in accordance with the APA; (ii) the scheduling of a bid deadline, auction and sale hearing for the sale of the Available Assets; and (iii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases.

F. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Available Assets.

G. The Debtors have demonstrated that the Break-Up Fee and Expense Reimbursement are actual and necessary costs and expenses of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and of substantial benefit to the Debtors' estates by inducing Seaford's bid, which has established a bid standard or minimum for other bidders for the Target Assets, thereby ensuring that during the Auction, if any, the Debtors receive the highest or best bid possible for the Target Assets.

H. The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled and denied on the merits.

3. The Bidding Procedures, in substantially the form attached hereto as Schedule 1, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Available Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

4. As further described in the Bidding Procedures, the deadline for submitting bids for the Available Assets (the "Bid Deadline") is July 20, 2011 at 12:00 noon (prevailing Eastern time). No bid shall be deemed to be a Qualified Bid (as defined in the

Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

5. The Debtors may sell the Available Assets by conducting an Auction in accordance with the Bidding Procedures. If Qualified Bids are timely received by the Debtors in accordance with the Bidding Procedures, the Auction shall take place on July 25, 2011 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, or such other place and time as the Debtors shall notify all Qualified Bidders, any statutory committee appointed in these cases, and other invitees. If, however, no Qualified Bids (other than the APA) are received by the Bid Deadline, then the Auction will not be held and the Debtors shall promptly seek Bankruptcy Court approval of the APA.

6. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

7. The Auction will be conducted openly.

8. Bidding at the Auction will be transcribed or videotaped.

9. The Sale Hearing shall be held before this Court on July 27, 2011 at 11:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

10. On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will cause: (A) the notice, substantially in the form attached hereto as Schedule 2 (the "Notice of Auction and Sale Hearing") and the Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) the Office of the United States Trustee; (ii) counsel for any statutory committee in these cases, if and when appointed;

(iii) counsel to the Debtors' prepetition lenders or their agent; (iv) counsel to the agent for the Debtors' postpetition secured lenders; (v) all taxing authorities and other governmental agencies having jurisdiction over any of the Available Assets, including the Internal Revenue Service; (vi) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (vii) all Persons known or reasonably believed to have asserted an Interest on any of the Available Assets; (viii) the non-Debtor parties to the Executory Contracts and Unexpired Leases; (ix) all Persons known or reasonably believed to have expressed an interest in acquiring all or substantially all of the Available Assets within the last six months; (x) the Attorneys General in the States where the Available Assets are located; (xi) the United States Environmental Protection Agency; (xii) any applicable state environmental agency, and (xiii) counsel for Seaford; (B) the Notice of Auction and Sale Hearing to be served on all known creditors of the Debtors; and (C) the Notice of Auction and Sale Hearing to be published once in one or more publications the Debtors deem appropriate, including The *Wall Street Journal, The New York Times, or USA Today*.

11. On or before three (3) business days after the entry of the Bidding Procedures Order, the Debtors shall serve by first class mail or hand delivery, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases (substantially in the form attached hereto as Schedule 3, the "Notice of Assumption and Assignment") on all non-debtor parties to the Executory Contracts and Unexpired Leases. The Assumption Notice shall identify the calculation of the cure amounts that the Debtors believe must be paid to cure all prepetition defaults under the Executory Contracts and Unexpired Leases (the "Cure Amounts"). In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to Seaford or another

5

purchaser not set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

12.     Unless the non-debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure Amount/Assignment Objection") to (a) its scheduled Cure Amount and/or (b) the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease by the later of (i) 4:00 p.m. (prevailing Eastern time) on the Bid Deadline or (ii) ten (10) days after service of the Supplemental Notice of Assumption and Assignment (such later date, the "Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline on the same day to: (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn: Robert S. Brady, Esq.), counsel to the Debtors; (ii) Allen Family Foods, Inc., 126 N. Shipley Street, Seaford, DE 19973 (Attn: Robert Turley); (iii) Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068 (Attn: Bruce Buechler, Esq.); and (iv) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn: David Klauder, Esq.) (collectively, the "Notice Parties"); then such non-debtor party (x) will be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease and the Debtors shall be entitled to rely solely upon the Cure Amount, and (y) if the Executory Contract or Unexpired Lease was identified as a Purchased Asset and Seaford is the Successful Bidder, will be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease and will be forever barred and estopped from asserting or claiming against the Debtors, Seaford or such other

6

Successful Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assumption, assignment and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease.

13. If an objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of an objection to a Cure Amount, the Debtors may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in a segregated bank account pending further order of the Court or agreement between the Debtors and the objecting party. So long as the Debtors hold the Claimed Cure Amount in a segregated bank account, the Debtors may assume and assign the Assumed Contract that is the subject of an objection relating to that Assumed Contract's Cure Amount without further delay.

14. The Debtors, Seaford or the other Successful Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease from the list of Assigned Contracts no later than the fifth (5th) business day prior to the Sale Hearing by (i) filing a notice on the docket in the Debtors' bankruptcy cases and (ii) mailing said notice to the non-debtor party to any such Executory Contract or Unexpired Lease. The non-Debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

15. In the event that Seaford is not the Successful Bidder for the Target Assets and for those Executory Contracts and Unexpired Leases identified in the Notice of Assumption and Assignment, within two (2) business days after the conclusion of the Auction for the Target Assets, the Debtors will file with the Court and serve, via overnight express mail, electronic mail, or facsimile, a notice identifying the Successful Bidder to the non-debtor parties to the

Executory Contracts and Unexpired Leases that have been identified in such Successful Bid. The non-debtor parties to the Executory Contracts and Unexpired Leases will have until 4:00 p.m. on the date that is two (2) business days prior to the Sale Hearing (the "Adequate Assurance Objection Deadline") to object to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code. For the avoidance of doubt, nothing herein shall limit the rights of SAP America, Inc. ("SAP") to object by the Adequate Assurance Objection Deadline on the basis that any assignment of the Software License Agreement, dated September 27, 2005, between SAP and Allen Family Foods, Inc., requires SAP's consent thereto.

16. Objections to the sale of the Available Assets, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on July 20, 2011, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon the Notice Parties. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

17. The Notice of Auction and Sale Hearing and the Notice of Assumption, Assignment and/or Transfer to be issued in connection with the proposed sales of the Purchased Assets, substantially in the forms annexed hereto as Schedule 2 and Schedule 3, respectively, are approved.

18. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

19. The Break-Up Fee and Expense Reimbursement as set forth in the APA are approved with the following modification: the aggregate amount of the Break-Up Fee and Expense Reimbursement shall not, under any circumstances, exceed $2,100,000; provided however, that in any event, any portion of the $600,000 Expense Reimbursement not applied to actual out-of-pocket fees and expenses of Seaford shall be payable to Seaford as part of the Break-Up Fee.

20. .The obligations of Debtors to pay the Break-Up Fee and Expense Reimbursement: (i) shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) shall not be subordinate to any other administrative expense claim against the Debtors; and (iii) shall survive the termination of the APA. If incurred pursuant to the APA, the Debtors shall, without further notice to or order of this Court, pay such amount to Seaford in cash in accordance with the provisions of the APA, provided, however, that (a) the Debtors shall only pay the Expense Reimbursement on account of actual, reasonable, documented invoices provided to the Debtors, the Committee, and the United States Trustee (and shall not be paid until the parties have five (5) business days to review and raise any objections to the invoices presented); and (b) in the event the Debtors elect to sell the Target Assets to a Qualified Bidder other than Seaford, the Break-Up Fee and Expense Reimbursement shall be paid out of the cash proceeds of the sale to such Qualified Bidder.

21. Seaford shall have standing to contest the Highest and Best Bid for the Target Assets selected by the Debtors.

22. Except as otherwise provided herein and in the Bidding Procedures, Local Rule 6004-1(c)(ii) is waived.

23. Except as otherwise provided in the APA or this Bidding Procedures Order, the Debtors further reserve the right as they may reasonably determine, in consultation with any statutory committee appointed in these cases, the DIP Lender, and the Pre-Petition Lenders, to be in the best interests of their estates, to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bids are the highest and best proposals and which are the next highest and best proposals for the Target Assets and/or the Excluded Assets; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) remove some of the Available Assets from the Auction; (vi) waive terms and conditions set forth herein with respect to all potential bidders consistent with the Bidding Procedures; (vii) impose additional terms and conditions with respect to all potential bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Bidding Procedures as the Debtors may determine to be in the best interest of their estates or to withdraw the Motion at any time with or without prejudice.

24. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and Bidding Procedures Order shall be effective immediately upon its entry.

25.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: June 24, 2011
      Wilmington, Delaware

_____
Kevin J. Carey
Chief United States Bankruptcy Judge