IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALLEN FAMILY FOODS, INC., *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-11764 (KJC)<br><br>Jointly Administered<br><br>Docket Ref. No. 99 + 156 |

## ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF BMO CAPITAL MARKETS CORP. AS INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizing the Debtors to employ and retain BMO Capital Markets Corp. ("BMOCM") as the Debtors' investment banker in these Chapter 11 Cases, effective as of the Petition Date; and upon the declaration of Charles Adair, annexed to the Application as Exhibit B; and the Court having been satisfied that BMOCM does not hold or represent interests adverse to the Debtors' estates and that BMOCM is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and that the employment of BMOCM as the Debtors' investment banker is necessary and in the best interests of the Debtors, their estates, creditors and interest holders; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are: Allen Family Foods, Inc. (7949), Allen's Hatchery, Inc. (8943), and JCR Enterprises, Inc. (8322). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 126 N. Shipley Street, Seaford, DE 19973.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

ORDERED, that the Application is approved; and it is further

ORDERED, that, pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain BMOCM as its investment banker, effective as of the Petition Date, on the terms set forth in the Engagement Agreement, attached hereto and as modified by this Order; and it is further

ORDERED, that BMOCM shall be compensated in accordance with the Fee Structure set forth in the Engagement Agreement, and shall be reimbursed for its reasonable out-of-pocket expenses incurred in connection with the Engagement Agreement, including but not limited to travel and communication expenses, courier charges and the reasonable fees and disbursements of BMOCM's counsel, and also the reasonable fees and disbursements of any other consultants engaged by BMOCM with the prior consent of the Debtors, not to exceed $50,000 without prior approval by the Debtors; and it is further

ORDERED, that under no circumstances shall BMOCM receive payment of more than one Transaction Fee under the Engagement Agreement; provided, that, for the avoidance of doubt, the Aggregate Value (as defined in the Engagement Agreement) of any Transaction (whether effected in a single transaction or a series of related transactions) shall include the value of any consideration received by the Debtors in respect of the Excluded Assets; and it is further

ORDERED, that BMOCM will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED, that notwithstanding the preceding paragraph, the compensation and expense reimbursement payable to BMOCM pursuant to the Engagement Agreement shall be

2

subject to review only pursuant to the standard set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review, including the standard of review set forth in sections 330 or 331 of the Bankruptcy Code; provided, however, that nothing in this Order shall prejudice or otherwise affect the rights of the Office of the United States Trustee for the District of Delaware to challenge the reasonableness of BMOCM's compensation under sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, order of this Court, or any guidelines regarding submission and approval of fee applications, BMOCM and its professionals shall only be required to maintain summary time records in one hour increments; and it is further

ORDERED, that the last sentence of paragraph 7 of the Engagement Agreement is hereby deleted and replaced with the following: "Our engagement by the Company does not create any fiduciary relationship between BMOCM and any person or entity other than the Company."; and it is further

ORDERED, that the Indemnification Provisions of the Engagement Agreement are approved, subject to the following modifications:

    a)    subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and shall indemnify, the Indemnified Parties in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with any Indemnified Party's postpetition performance of any services other than the services provided under the Engagement Agreement, unless such postpetition services and indemnification therefore are approved by the Bankruptcy Court;

    b)    notwithstanding any provisions of the Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person (i) for any claim or expense that is judicially determined (the

3

        determination having become final) to have arisen from such person's bad faith, self dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of such person's contractual obligations under the Engagement Agreement unless the Court determines that indemnification, contribution, or reimbursement would not be prohibited by <u>In re United Artists Theatre Company, et al.</u>, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) <u>infra</u>, to be a claim or expense for which such person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement, as modified by the Order;

  c)    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, BMOCM believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, BMOCM must file an application therefore in this Court, and the Debtors may not pay any such amounts to BMOCM before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by BMOCM and not a provision limiting the duration of the Debtors' obligation to indemnify BMOCM; and

  d)    any limitation on liability pursuant to the terms of the Engagement Agreement shall be eliminated.

and it is further

ORDERED, that the terms and provisions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004 or otherwise; and it is further

YCST01:11162975.4     070206.1001

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
July 13, 2011

Kevin J. Carey
~~Chief~~ United States Bankruptcy Judge

YCST01:11162975.4　　　　　　　　　　　　　　　　　　　　　070206.1001