# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALLEN FAMILY FOODS, INC., *et al.*,[1] | Case No. 11-11764 (KJC) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 36 |

## RESERVATION OF RIGHTS OF MOUNTAIRE FARMS OF DELAWARE WITH RESPECT TO THE DEBTORS' MOTION FOR ORDERS: (A)(I) APPROVING BID PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING HEARING TO CONSIDER SALE; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) APPROVING BREAK-UP FEE AND EXPENSE REIMBURSEMENT PROVISIONS; (B)(I) AUTHORIZING AND APPROVING SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; AND (II) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; AND (C) GRANTING RELATED RELIEF

Mountaire Farms of Delaware ("Mountaire") hereby files this reservation of rights (the "Reservation") and respectfully represents as follows:

### General Background

1. On June 9, 2011 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possesion (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are: Allen Family Foods, Inc. (7949), Allen's Hatchery, Inc. (8943), and JCR Enterprises, Inc. (8322). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 126 N. Shipley Street, Seaford, DE 19973.

2. On June 16, 2011, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors pursuant to section 1102(a) of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

**The Sale Motion and Auction**

3. On June 9, 2011, the Debtors filed the *Debtors' Motion for Orders: (A)(I) Approving Bid Procedures in Connection with Sale of Substantially All of the Debtors' Assets; (II) Scheduling Hearing to Consider Sale; (III) Approving Form and Manner of Notice Thereof; and (IV) Approving Break-Up Fee and Expense Reimbursement Provisions; (B)(I) Authorizing and Approving Sale Free and Clear of Liens, Claims, Encumbrances and Interests; and (II) Approving Assumption and Assignment of Executory Contracts; and (C) Granting Related Relief* [Docket No. 36] (the "Sale Motion") seeking to sell certain of their assets (the "Sale") to Mountaire, subject to higher and better bids at auction.

4. On June 30, 2011, the Bankruptcy Court entered the *Order (I) Approving Bidding Procedures in Connection with Sale of Substantially All of the Debtors' Assets; (II) Scheduling Hearing to Consider Sale; (III) Approving Form and Manner of Notice Thereof; and (IV) Approving Break-Up Fee and Expense Reimbursement Provisions; and (V) Granting Related Relief* [Docket No. 83] (the "Bid Procedures Order") approving certain bid procedures in connection with the Sale.

5. Per the Bid Procedures Order, on July 25, 2011 an auction was held (the "Auction"). At the Auction, the Debtors determined that Harim USA, Ltd. ("Harim") submitted the highest and best bid for the Debtors' assets. A hearing to approve the Sale to Harim is currently scheduled for July 26, 2011 at 11:00 a.m. (Eastern).

## The JCR Agreement and the Administrative Claims

6. Mountaire and Debtor JCR Enterprises, Inc. ("JCR") are parties to a rendering contract (the "JCR Agreement")[2] whereby Mountaire sells its chicken byproducts to JCR in exchange for a payment from JCR calculated on a market price per ton of product delivered daily. JCR renders the product into various additional products that are sold to third parties. In addition to sales to third parties, one of the products of JCR's rendering process, poultry fat, can be sold back to Mountaire each week.

7. In connection the JCR Agreement, Mountaire believes it possesses the following administrative claims:

- a claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of approximately $771,603.16 based upon goods received by JCR pursuant to the JCR Agreement in the 20 days prior to the Petition Date; and

- a claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code in the amount of approximately $2,099,149.50 based upon amounts due on postpetition transactions to date under the JCR Agreement.[3]

8. Mountaire acknowledges that its adminstrative claims may be subject to rights of setoff of the Debtors based upon product purchased by Mountaire under the JCR Agreement. Likewise, any payment due to the Debtors from Mountaire under the JCR Agreement may be subject to rights of setoff of Mountaire. While the parties are discussing these issues, at this time, they have not been able to agree on an appropriate methodology for determining the amounts owed on the adminstrative claims.

---

[2] A copy of the JCR Agreement is attached hereto as Exhibit 1.
[3] Mountaire will also likely have an additional administrative claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code based on amounts that will come due for postpetition transactions pursuant to the JCR Agreement between the date of this Reservation and the estimated August 17, 2011 closing date of the Sale in the amount of approximately $1,192,722.39. Thus, the Mountaire administrative claims total approximately $4,063,475.05.

## Reservation of Rights

9. Mountaire files this Reservation to inform the Bankruptcy Court of Mountaire's adminstrative claims and its intentions with respect to same. Mountaire anticipated being selected as the successful bidder at the Auction and expected to resolve its adminstrative claims in the context of the Sale closing process. However, due to Harim being selected as the successful bidder, Mountaire now files this Reservation as it may become necessary to resolve the adminstrative claims directly before the Bankruptcy Court. Indeed, among other things, Mountaire may seek a Bankruptcy Court order directing that at least $4,063,475.05 of the Sale proceeds (i.e., the approximate sum of its adminstrative claims) be held in escrow pending resolution of the adminstrative claims in order to fully protect its interests.

10. As the Bankruptcy Court is aware, there is a risk that the Debtors' cases may be administratively insolvent. See *Limited Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Orders: (A)(I) Approving Bid Procedures in Connection Sale of Substantially all of the Debtors' Assets; (II) Scheduling Hearing to Consider Sale; (III) Approving Form and Manner of Notice Thereof; and (IV) Approving Break-Up Fee and Expense Reimbursement Provisions; (B)(I) Authorizing and Approving Sale Free and Clear of Liens, Claims, Encumbrances and Interests; and (II) Approving Assumption and Assignment of Executory Contracts; and (C) Granting Related Relief* [Docket No. 196] (the "Committee Sale Objection") at ¶21). Therefore, Mountaire is concerned there will be insufficient cash to satisfy its adminstrative claims in full.

11. The Bankruptcy Court has made it clear that the price of doing business in chapter 11 is an administratively solvent estate. See Transcript of Record at 8:8-9, *In re Allen Family Foods, Inc., et al.*, Case No. 11-11764 (KJC) (Bankr. D. Del. June 30, 2011); Transcript of Record at 25:8-11, 26:10-11, *In re Townsends, Inc., et al.*, Case No. 10-14092 (CSS) (Bankr.

4

D. Del. Jan. 21, 2011); Transcript of Record at 100:17-20, *In re NEC Holdings Corp.*, Case No. 10-10890 (PJW) (Bankr. D. Del. July 13, 2010) (hearing held before The Honorable Christopher S. Sontchi). Inasmuch, Mountaire asserts that it is entitled to full payment of its administrative claims arising under the JCR Agreement after applying any rights of setoff.

12. As noted above, Mountaire is working with the Debtors to consensually resolve these issues. However, in the event such negotiations fail, Mountaire reserves its rights to seek appropriate relief, including filing a motion requesting that the Bankruptcy Court place at least $4,063,475.05 of the Sale proceeds in escrow pending final resolution of Mountaire's adminstrative claims.

Dated: July 26, 2011
       Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for Mountaire Farms of Delaware*